# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Tashaun S. Hale,

    Plaintiff

v.

James Cox, et al.,

    Defendants

Case No.: 2:16-cv-02433-JAD-NJK

**Order Screening
First Amended Complaint**

Tashaun S. Hale brings this civil-rights suit under 42 U.S.C. § 1983 for Eighth Amendment violations that he claims he suffered while incarcerated at Nevada's Ely State Prison ("ESP"). Because Hale applies to proceed *in forma pauperis*,[1] I screen his first-amended civil-rights complaint under 28 U.S.C. § 1915A. I find that he has failed to state facts to support any of them, so dismiss his entire first-amended complaint with leave to amend.

## Discussion

### I. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as

---

[1] ECF No. 3, 6.

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

1

well as claims based on fanciful factual allegations with fantastic or delusional scenarios.[4] In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.[5] Although allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[6] a pro se plaintiff must provide more than mere labels and conclusions.[7] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[8]

## II. Screening Hale's first-amended complaint

Hale sues Correctional Officers T. Edwards, Hollingsworth, Cole, Gutierrez, and Godinez; Senior Correctional Officer Manning; Sergeants Jones and Donahue; and, Lieutenant Bryant for events that allegedly took place during his incarceration at ESP.[9] Hale alleges two counts for violation of the Eighth Amendment—one for excessive force and the other for deliberate indifference to serious medical needs—and he seeks damages and injunctive relief in the form of medical care.[10] His claims are based on the following factual scenario[11]:

On July 14, 2015, at ESP unit 7B, Hale was cell-extracted by the ESP "CERT-Team."[12] He followed all orders and was placed in wrist and ankle cuffs. Hale's extraction was not video recorded. While the calm, fully restrained Hale was being escorted out of Unit 7B, he called

---

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[6] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[9] ECF No. 6.

[10] *Id.* at 10.

[11] This is a summary of the plaintiff's allegations and is not intended as any finding of fact.

[12] *Id.* at 4.

defendant Edwards a bitch.[13] The officers escorting Hale told him to "shut the fuck up," and Hale responded by telling officers that he did not have to because he was a "grown man." Hollingsworth, Cole, Godinez, Guitierrez, and Edwards then slammed and assaulted Hale, while Bryant, Donahue, Jones, and Manning watched and did nothing. Defendants Hollingsworth, Cole, Godinez, Guitierrez and Edwards twisted and bent Hale's hands, wrists, ankles, and feet against the cuffs and pushed/pulled down hard on his head, neck, and back though Hale was not being a threat to anyone. Dr. Koehn, LRN Gregersen, and RN Jones played, laughed, and ignored Hale's cries for help and requests about his pain.[14] Hale was also refused timely medication, x-rays, and other documentation of his injuries.[15]

### A. Count 1: excessive force

When a prison official stands accused of using excessive physical force in violation of the cruel-and-unusual-punishment clause of the Eighth Amendment, the question is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.[16] To determine whether the use of force was wanton and unnecessary, the court considers the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.[17] Although an inmate need not have suffered serious injury to state an excessive-force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments excludes from constitutional recognition *de minimis* uses of physical force.[18]

---

[13] *Id.* at 5.

[14] *Id.* at 6.

[15] *Id.* at 4, 6.

[16] *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).

[17] *Hudson*, 503 U.S. at 7.

[18] *Id.* at 9–10.

3

I find that Hale may be able to state a colorable claim for excessive force, but his current allegations are deficient. Hale's first-amended complaint is lacking the details that he wrote in his original complaint,[19] which allowed me to infer that he stated a colorable claim for excessive force.[20] Hale alleges in the first-amended complaint that the defendants slammed him and twisted his limbs while other defendants observed, but he does not state how he was slammed or assaulted. For example, Hale does not state whether he was slammed into the wall, a cell door, or the ground, or whether he was punched or kicked by defendants, and what injuries and pain, if any, he suffered as a result of the twisting of his limbs and having his head, neck, and back pushed/pulled. So, I dismiss Count 1 without prejudice and give Hale leave to amend if he can plead additional true facts to support this claim.

### B. *Count 2: deliberate indifference to serious medical needs*

In his second claim, Hale alleges that Dr. Koehn and Nurses Gregersen and Jones were deliberately indifferent to the serious medical needs that his violent cell extraction caused.[21] To establish an Eighth Amendment violation based on a deliberate indifference to serious medical needs, "a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[22] To establish the first prong, Hale "must show a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain."[23] To satisfy the deliberate-indifference prong, he must show "(a) a purposeful act or failure to respond to [his] pain or possible medical need and (b) harm caused by the indifference."[24] "Indifference may appear when prison officials deny,

---

[19] *See* ECF No 5 at 4.

[20] *See* ECF No. 4 at 4–5.

[21] ECF No. 6 at 6.

[22] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[23] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[24] *Id.*

4

delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[25] When a prisoner alleges that delay of medical treatment evinces deliberate indifference, he must show that the delay led to further injury.[26]

I find that Hale may be able to state a colorable claim for deliberate indifference to his serious medical needs, but he hasn't done so in his first-amended complaint. He alleges that some medical staff, not named as defendants, ignored his cries for help and requests about pain, and he was not given x-rays, medication, or photos of his bruises. He does not state any details about what help he was requesting from which medical staff over what period of time, what injuries and pain he suffered over what period of time, why he felt he needed x-rays, or what medication or treatment he felt he needed for what injuries. In sum, Hale fails to allege any facts that allow me to infer that he was seriously injured and needed additional treatment. I thus dismiss Count 2 without prejudice and give Hale leave to amend if he can plead additional true facts to support this claim.

### III. Leave to amend

Hale may file a second-amended complaint if he can cure the deficiencies described in sections II(A) and II(B) of this order. If Hale chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be complete in itself.[27] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Second Amended Complaint." Hale must follow the instructions on the form. All allegations, defendants, and facts must be written on the complaint form itself. Hale may use more than one page for each count if he needs more

---

[25] *Id.* (internal quotations omitted).

[26] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[27] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

space to write out all his factual allegations.  He may not direct the court to look at his attachments to support his claim at this stage of litigation, as he did in his first-amended complaint.[28]  Attachments (including grievances, etc.), though they may be helpful later in Hale's case, will not be used by the court at the time of screening to support his allegations[29] because courts may not look beyond the four corners of the complaint when considering a motion to dismiss.[30]  **Hale must file the second-amended complaint by November 26, 2018.**  If he chooses not to file an amended complaint curing the stated deficiencies by then, this action will be dismissed with prejudice and without further prior notice for failure to state a claim.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that a decision on the application to proceed in forma pauperis **[ECF No. 3] is deferred.**

IT IS FURTHER ORDERED that the **operative complaint** is the first-amended complaint **[ECF No. 6], and IT IS DISMISSED in its entirety without prejudice and with leave to amend by November 26, 2018.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to **SEND** Hale the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 5), my first screening order (ECF No. 4), and his first-amended complaint (ECF No. 6).  If Hale chooses to file an amended complaint, he must use the approved form and he shall write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.  If Hale does not file a second-amended complaint by this deadline, this case will be dismissed with prejudice for failure to state a claim.

Dated: October 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[28] *See* ECF No. 6 at 5, 6, 8, 9, 10.

[29] *See Rosales v. United States*, 824 F.2d 799, 802 (9th Cir. 1987); Fed.R.Civ.P. 12.

[30] *Roberson v. Lopez*, No. CIVS060484GEBEFBP, 2007 WL 137162, at *1 (E.D. Cal. Jan. 17, 2007), *report and recommendation adopted*, No. 2:06CV-0484-GEB-EFBP, 2007 WL 614029 (E.D. Cal. Feb. 27, 2007) *(citing Rosales*, 824 F.2d at 802).